UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LOUISE K. SAINE,

    Defendant.

Case No. 12-cv-40098-JPG-

## **MEMORANDUM AND ORDER**

This matter comes before the Court on a letter from defendant Louise K. Saine dated April 6, 2017, which the Court construes as a motion for a sentence reduction in light of (1) *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that an increased sentence under the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e) violates the right to due process) and (2) Amendment 782 to the United States Sentencing Guidelines Manual ("U.S.S.G.") (Doc. 53).

**I.**    ***Johnson* Reduction**

The type of relief requested in defendant's motion pursuant to *Johnson* is only available through a motion under 28 U.S.C. § 2255. Saine has already filed a § 2255 motion, which the Court denied. *See Saine v. United States*, No. 14-cv-397-JPG (S.D. Ill. Nov. 4, 2014). The Seventh Circuit Court of Appeals has denied her leave to file a second or successive motion based on *Johnson* because even if *Johnson* applied to the sentencing guidelines,[1] Saine's career offender status was not determined based on the residual clause language found to be unconstitutional in *Johnson*. *See Saine v. United States*, No. 16-2368 (7th Cir. June 28, 2016).

---

[1] In *Beckles v. United States*, 137 S. Ct. 886 (2017), the Supreme Court held *Johnson* did not apply to the advisory guidelines.

The Court will dismiss the part of this motion in which Saine requests relief under *Johnson* in her criminal case.

## II.     Amendment 782 Reduction

Saine seeks a reduction of her criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10.  On November 1, 2012, Saine pled guilty to one count of distribution of cocaine and two counts of distribution of crack cocaine.  The Government filed an information 21 U.S.C. § 851 to establish five prior drug convictions, thereby increasing her statutory sentencing range.  Using the 2012 Sentencing Guidelines Manual, the Court determined the defendant's relevant conduct was 1.0 gram of cocaine base, resulting in a base offense level of 12.  However, the Court further found that the defendant was a career offender under U.S.S.G. § 4B1.1 based on two or more prior drug felony convictions, which raised her base offense level to 34.  Her offense level was reduced by 3 points under U.S.S.G. § 3E1.1(a) because she accepted responsibility for her offense, yielding a total offense level of 31.  Considering the defendant's criminal history category of VI, established by her career offender status under U.S.S.G. § 4B1.1, under the sentencing table in U.S.S.G. Chapter 5, Part A, this yielded a sentencing range of 188 to 235 months in prison.  The Court imposed a sentence of 108 months in prison.

The defendant now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower her sentence.  Amendment 782 amended U.S.S.G. § 2D1.1(c) as of November 1, 2014, to lower some base offense levels associated with various relevant conduct drug amounts.  The relevant parts of Amendment 782 are retroactive.  *See* U.S.S.G. § 1B1.10(d) & (e)(1) (2014).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, 778 F.3d 667, 672 (7th Cir. 2015).

The defendant cannot satisfy the first criterion because she was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Although Amendment 782 amended U.S.S.G. § 2D1.1(c) to lower some base offense levels associated with various drug amounts, the defendant was sentenced based on her career offender base offense level set forth in U.S.S.G. § 4B1.1, not the base offense level set forth in U.S.S.G. § 2D1.1. Thus, her offense level and her guideline range have not been lowered by Amendment 782, and she cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction. *See United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011).

Because the defendant cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court will deny the portion of this motion seeking a reduction in sentence because of Amendment 782.

### III. Conclusion

The Court **DISMISSES** the part of this motion (Doc. 53) in which Saine requests relief under *Johnson* in her criminal case and **DENIES** the part of this motion (Doc. 53) in which Saine requests a reduction in sentence under 18 U.S.C. § 3582(c)(2).

**IT IS SO ORDERED.**
**DATED:  April 24, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**