UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

LOUISE K. SAINE,

    Defendant.

Case No. 12-cr-40098-JPG

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the defendant's motion for appointment of counsel and for a reduction of her criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 82).

As a preliminary matter, the Court will deny the defendant's request for appointment of counsel. The Criminal Justice Act, 18 U.S.C. 3006A, does not permit such appointments. *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). The Court now turns to the merits of the defendant's request for a reduction.

In a plea hearing held November 1, 2012, the defendant pled guilty to one count of distributing powder cocaine and two counts of distributing crack cocaine. In February 2013, the Court sentenced her to serve 108 months on each count, all to run concurrently. The Court imposed this sentence in accordance with the 2012 Sentencing Guideline Manual. This version of the guidelines incorporated the sentencing amendments made by the Fair Sentencing Act, which had become effective August 3, 2010.

The defendant now asks the Court to reduce her sentence in light of § 404 of the First Step

Act.[1]  Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—lowered the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. However, the First Step Act prohibits the Court from entertaining a motion to reduce a sentence where the Court had previously imposed that sentence in accordance with the amendments made by §§ 2 and 3 of the Fair Sentencing Act. First Step Act § 404(c).

The Court cannot entertain the defendant's motion because it previously imposed the defendant's sentence in accordance with the amendments made by the Fair Sentencing Act. Those amendments were incorporated into the 2012 Sentencing Guideline Manual under which the defendant

---

[1] Section 404 of the First Step Act provides in full:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

was sentenced.

For the foregoing reasons, the Court **DENIES** the defendant's motion for appointment of counsel and **DISMISSES** the defendant's motion for a sentence reduction based on the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 82).

**IT IS SO ORDERED.**
**DATED:   February 19, 2019**


                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**