UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

LOUISE K. SAINE,

        Defendant.

Case No. 12-cr-40098-JPG

## MEMORANDUM AND ORDER

In a letter dated December 12, 2025 (Doc. 97), defendant Louise K. Saine asks the Court to expunge and seal her criminal case and for appointment of counsel to assist her in that effort. The Government has responded to the motion (Doc. 99).

The Court must dismiss Saine's motion for lack of jurisdiction. The United States Court of Appeals for the Seventh Circuit used to subscribe to the view "that a district court has inherent authority to reopen a closed criminal case to consider a request to expunge the judicial record based on an equitable balancing test that weighs the public and private interests at stake." *United States v. Wahi*, 850 F.3d 296, 298 (7th Cir. 2017). However, in *Wahi*, the Court of Appeals reversed course and held that a district court lacks jurisdiction to expunge the court records of a convicted defendant. *Id.* The Court reasoned that there is no statutory grant of general jurisdiction to expunge the judicial record of a criminal case on equitable grounds. *Id.* at 300.

Nor is there ancillary jurisdiction to take such action. *Id.* The Court of Appeals noted that the Supreme Court's decision in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), restricted the areas in which courts could exercise its ancillary jurisdiction (sometimes called "inherent power"). It could exercise ancillary jurisdiction only "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually

interdependent, and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen*, 511 U.S. at 379-80. In *Wahi*, the Court of Appeals held that expungement decisions did not fall within either of the permissible area. *Wahi*, 850 F.3d at 302-03.

Since the Court clearly lacks jurisdiction to do what Saine asks, counsel's presence would not have a reasonable chance of changing the result. The Court therefore declines to appoint counsel for this purpose.

For these reasons, the Court **DENIES** Saine's motions (Docs. 97 & 98).

**IT IS SO ORDERED.**
**DATED:  May 5, 2026**

_____
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2